**Mrs. W. S. ROBERTS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15955.**

United States Court of Appeals
Fifth Circuit.

June 28, 1956.

Rehearing Denied July 31, 1956.

H. J. Loe, Fort Worth, Tex., for appellant.

Perry W. Morton, Asst. Atty. Gen., Dept. of Justice, Roger P. Marquis, and Fred W. Smith, Attys., Dept. of Justice, Washington, D. C., Heard L. Floore, U. S. Atty., Fort Worth Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

This appeal is from a judgment denying appellant's claim to the sum of $3650.00 determined by a jury to be the value of the unexpired terms of three leases executed by Camp Wolters Enterprises, Inc., on May 30, 1947, to W. S. Roberts, deceased, under whom appellant claims.

These leases covered three buildings, T–208, T–209, and T–243, and ran for five years, one for a nominal money rental and two for $25.00 per month, and each contained clauses providing for forfeiture and cessation thereof in case of violation of covenants and conditions.

The sole question for decision here is whether, under the undisputed evidence, the finding and order of the district judge that, on April 30, 1951, the time of the taking, Roberts had lost the leases, was correct, and appellant's claim should be denied.

As appellant sees the trial of the issue below and its outcome, the evidence, relied on by the district judge, and his conclusion from it, was that since Roberts, in order to make the buildings available to the government, voluntarily moved off the land without being forcibly evicted, in response to an offer of the corporation to pay six months' rental for him in the new quarters to which he moved, he abandoned his leases and his right to compensation for their value.

As appellee sees it, there was undisputed evidence that the leases were validly terminated in accordance with their provisions by letter of April 11, 1950, notifying Roberts of the company's election to end them, because of violation of their terms, and giving him notice to

vacate immediately, which not only supported, but required the findings and judgment of the court.

In addition, appellees insist that there is ample evidence [1] in support of the view of the trial court that Roberts, accepting the arrangements made with him by Camp Wolters as a complete settlement of his affairs with it, and recognizing that he had no title or claim to the leases, elected to abandon them.

Though, because of Roberts' death, the evidence is somewhat skimpy and sketchy, we think it clear that, taken as a whole, it supports the conclusion of the district judge and his judgment must be affirmed.

Affirmed.

1. Dennis testified without contradiction: that, after the giving of the notice in Dec., 1950, Roberts remained on the property; that in 1951 his company secured for Roberts a lease on property in Mineral Wells and paid for the moving of all of Roberts' equipment, machinery, etc., and also paid the first six months' rental; that he did this because he left "Roberts had no lease out there and that he was having to move, and it actually was just an act of kindness"; and that, apparently, Roberts was without funds to acquire another place to move.